JOSEPH B. SUFFNESS AND MARION R. SUFFNESS, HIS WIFE, *ET AL.*, PLAINTIFFS-APPELLANTS, v. DOCK WATCH QUARRY PIT, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Argued October 24, 1973—Decided November 20, 1973.

Mr. *William L. Smith* argued the cause *pro se* as an appellant.

Mr. *Edward J. Egan* argued the cause for the respondent (*Messrs. Weiner, Schoifet & Hendler,* attorneys).

PER CURIAM: The plaintiffs filed a complaint in the Chancery Division alleging that the defendant corporation, which operates a nearby quarry, trespassed on the plaintiffs' property and destroyed trees and vegetation thereon, leaving debris and leaving the land fallow and subject to erosion. The complaint sought an injunction plus damages. After trial the Chancery Division found that as against the defendant the "plaintiffs have proved title and trespass; that plaintiffs are entitled to a permanent injunction against any continuance of the trespass until further order of this court; and that plaintiffs are entitled to nominal damages." The plaintiffs appealed to the Appellate Division from the denial of damages beyond nominal damages and the defendant cross-appealed, contending mainly that the land on which the alleged trespass occurred was owned not by the plaintiffs but by Tang Realty, Inc. and that the Chancery Division erred in failing to allow the joinder of Tang Realty, Inc. as a party to the proceeding. The Appellate Division affirmed the Chancery Division's judgment in its entirety and the defendant did not apply for certification. However the plaintiffs did apply for certification and we granted their application for the sole purpose of reviewing the Chancery Division's refusal to grant damages beyond nominal damages.

The plaintiffs introduced expert testimony that the defendant's cutting of the trees diminished the values of the plaintiffs' properties. However, the Chancery Division was

critical of this testimony which, it noted, was given in conclusory fashion without any explanatory materials; it found that the plaintiffs had "failed to sustain the burden of proof with regard to the amount of damages they suffered beyond nominal damages for the 'breaking of the close.'" But the Chancery Division made no mention whatever of the expert testimony introduced by the plaintiffs to the effect that it "would cost between $4,000.00 and $5,000.00" to remove the debris left as the result of the defendant's cutting of the trees and that it would cost "between $3,000.00 and $4,000.00" to grade and seed the land which had been "well-churned" by the defendant's trespassing machinery. There was no countervailing expert testimony introduced on the defendant's behalf and it appears to us that, on the showing in the record before us, an aggregate judgment of $7,000 damages rather than nominal damages would have been more consonant with the interests of justice. See *Huber v. Serpico*, 71 *N. J. Super.* 329 (*App. Div.* 1962). We leave to the Chancery Division the disposition of any dispute as to how the aggregate sum shall be allocated among the plaintiffs. And we also leave to the Chancery Division the consideration of any timely claim, which Tang Realty, Inc. may seek to assert, grounded on the contention that, as between it and the plaintiffs, it was the legal or beneficial owner of the land trespassed upon and is therefore equitably entitled to the recovery or to participation therein. *Cf.* 4 *Scott, Trusts* § 280 *et seq.* (3d ed. 1967).

Reversed and remanded.

*For reversal and remandment*—Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.